```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

ANTONIO M. PINNIX,                )
                                  )
            Plaintiff,             )
                                  )
       vs.                         )      Case No. 4:08-CV-988 (CEJ)
                                  )
CENTAUR BUILDING SUPPLY            )
SERVICES, INC.,                    )
                                  )
            Defendant.             )

### MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to compel plaintiff's responses to its first set of interrogatories. Plaintiff has filed a response in opposition to the motion. Plaintiff has also provided a copy of his supplemental responses to defendant's interrogatories, which he served on defendant after the motion was filed. The Court has considered both the original and supplemental responses in addressing defendant's motion.

"Liberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984). As long as the parties request information or documents relevant to the claims at issue in the case, and such requests are tendered in good faith and are not unduly burdensome, discovery shall proceed. M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc., 103 F.R.D. 635, 637 (D.Mass. 1984).

The party resisting production bears the burden of establishing lack of relevancy or undue burden. Oleson v. Kmart Corp., 175

F.R.D. 560, 565 (D.Kan. 1997) ("The objecting party has the burden to substantiate its objections.") The party must demonstrate to the court "that the requested documents either do not come within the broad scope of relevance defined pursuant to Fed.R.Civ.P. 26(b)(1) or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Burke v. New York City Police Department, 115 F.R.D. 220, 224 (S.D.N.Y. 1987). Further, the "mere statement by a party that the interrogatory [or request for production] was 'overly broad, burdensome, oppressive and irrelevant' is not adequate to voice a successful objection." St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp., 198 F.R.D. 508, 511-12 (N.D. Iowa 2000) (citing Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). With these standards in mind, the Court examines defendant's interrogatories and plaintiff's responses and objections.

Interrogatory #3 asks whether plaintiff has any felony or misdemeanor convictions. Plaintiff objected on the basis of relevance, contending that the information sought is unlikely to lead to the discovery of admissible evidence; he also asserts an unspecified privilege claim. Plaintiff's chief contention is that his criminal history (or lack thereof) is not relevant to this employment discrimination suit. "Courts have routinely allowed discovery of a party's criminal past in employment discrimination cases." Abraham v. B.G. Boltons' Grille & Bar, 2007 WL 1146585 at *5 (D. Kan. Apr. 17, 2007); O'Neill v. Runyon, 898 F.Supp. 777 (D.

Kan. 1995) (discussing evidence of a plaintiff's criminal history in context of employer attempting to invoke after-acquired evidence doctrine in attempt to bar plaintiff's recovery). Furthermore, "[i]nformation regarding plaintiff's criminal past, if any, could bear directly on his credibility, particularly in regard to crimes of dishonesty." Abraham, *supra* at *5. Plaintiff will be directed to answer Interrogatory #3.

Interrogatory #5 inquires into the existence of any written statements, recordings or transcripts of defendant's employees. This is a standard interrogatory and plaintiff must provide any relevant information that he may have. The Court notes that, in his supplemental responses, plaintiff refers to audio recordings conducted by the Missouri Human Rights Commission (MCHR). If plaintiff is aware of additional written statements, recordings or transcripts of recordings, he must identify those for defendant. However, the Court will limit the scope of the interrogatory to statements, recordings or transcripts of defendant's employees discussing the events giving rise to this dispute.

Interrogatory #6 asks plaintiff to identify by name and address all persons with knowledge of the facts alleged in the complaint. In his responses, plaintiff refers to his Rule 26(a)(1) disclosures and the MCHR investigative file. Defendant notes that plaintiff has not stated that the individuals so identified are the only persons with information. If plaintiff is aware of any other individuals with information who are not named in the investigative file or his disclosures, he must identify them for defendant.

In a document entitled "Alternative Pleading" [Doc. #31], plaintiff alleged that, as a result of defendant's actions, he lost the respect of family members and dependents. Interrogatory #7 asks plaintiff to identify those family members and dependents. Plaintiff has removed this allegation from his amended complaint [Doc. #49] and the interrogatory is now moot.

Interrogatory #8 asks plaintiff to identify all former and current employees of defendant with whom he maintains regular communication. In his supplemental responses, plaintiff states that his only contact has been to obtain witness statements. Plaintiff has answered the interrogatory.

Interrogatory #10 purports to seek information regarding any money received in settlement of this dispute from third parties. If plaintiff has received such a settlement from someone other than the named defendant, he must identify that third party.

Interrogatory #11 seeks information regarding any employment plaintiff had "at the time of the occurrence." Defendant complains that plaintiff did not sign an "employers' authorization." In both his original and supplemental responses, plaintiff identifies defendant as his employer and thus the requested release is unnecessary.

Interrogatory #12 asks plaintiff to itemize and quantify his damages aside from lost earnings; (plaintiff provided calculations of his lost wages in his supplemental response to Interrogatory #11). In his supplemental responses, plaintiff identified the categories of damages he seeks without providing any figures.

Plaintiff must attempt to compute the damages he seeks for each category.

Interrogatory #14 seeks facts to support plaintiff's claim that he was discharged in retaliation for complaining about sexual harassment. Plaintiff dropped his retaliatory discharge claim from his amended complaint and Interrogatory #14 is now moot.

Interrogatories #15 and #16 inquire into plaintiff's allegations that his supervisor made sexually explicit phone calls to plaintiff's home. In his responses, plaintiff indicates that the requested information is contained in the MHRC investigative file. The Court believes that further detail regarding the phone calls should be sought in the course of deposing plaintiff.

Interrogatories #17 and #19 are addressed to paragraphs that plaintiff eliminated from his amended complaint; the interrogatories in their present form are now moot. Defendant may serve amended interrogatories directed to the amended complaint.

Interrogatory #23 seeks information regarding plaintiff's medical treatment for any condition resulting from the alleged sexual harassment. Defendant also asks plaintiff to execute a release for his medical providers. Plaintiff initially objected on the basis of privacy and did not provide any information. In his supplemental response, plaintiff indicates that he has not seen "any healers" but states that he was prescribed medication for depression. Because plaintiff claims that he suffered mental anguish and seeks relief for emotional distress, he has placed his medical and emotional condition in controversy and must provide his

medical records.  Plaintiff will be directed to sign medical releases.

Interrogatory #25 asks plaintiff to identify all written materials he created regarding his employment with defendant or the matters alleged in his complaint.  Plaintiff must provide an answer to this interrogatory.

Defendant requests attorneys' fees and expenses incurred in preparing the motion to compel.  The Court does not find that such relief is warranted and the request will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel responses to interrogatories [Doc. #61] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that plaintiff shall, not later than **November 17, 2008**, provide to defendant supplemental answers to defendant's interrogatories as set forth in this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff shall, not later than **November 17, 2008**, execute authorizations for the release of medical records of any medical or mental health professional who provided treatment for conditions he claims are related to the allegations in his complaint.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of November, 2008.